IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Rita M. Dilworth, | : | Case No. 4:11-cv-00119 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | **MAGISTRATE'S REPORT** |
| | : | **AND RECOMMENDATION** |
| Commissioner of Social Security, | : | |
| Defendant | : | |

This case was remanded to the Commissioner of Social Security by order of United States District Court Judge Patricia A. Gaughan on March 9, 2012 (Docket No. 18). Judge Gaughan referred the Motion for Attorney Fees to the undersigned Magistrate Judge for report and recommendation (Docket No. 21). Pending is Plaintiff's Motion for Attorney Fees and Expenses (Docket No. 19), supplemented by counsel's Affidavit (Docket No. 19-2), itemization of time expended (Docket No. 20-1), and Plaintiff's Retainer Agreement (Docket No. 20-2). Defendant was granted two extensions of time for its response (Docket Nos. 23, 24). Plaintiff submitted a Reply on July 24, 2012, in further support of her motion (Docket No. 27).

For the reasons set forth below, the Magistrate recommends the Court grant Plaintiff's Motion for Attorney Fees and Expenses.

## I. PROCEDURAL BACKGROUND

On January 25, 2008, Plaintiff Rita M. Dilworth ("Plaintiff") filed a timely application for Social Security Disability Insurance Benefits ("DIB"), alleging disability beginning October

1

1, 2007 (Docket No. 8, Attachment 7, pp. 2-4 of 16). Plaintiff's applications were denied initially and upon reconsideration (Docket No. 8, Attachment 5, pp. 2-5, 9-11 of 37). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Docket No. 8, Attachment 5, p. 13 of 37). This hearing took place on April 13, 2009, before ALJ J.E. Sullivan (Docket No. 8, Attachment 5, pp. 14-17 of 37). Plaintiff, represented by counsel, appeared and testified (Docket No. 8, Attachment 3, p. 2 of 51). Vocational Expert ("VE") Frances Kinley also appeared and testified (Docket No. 8, Attachment 3, p. 2 of 51). In a decision dated June 22, 2009, ALJ Sullivan concluded Plaintiff was not entitled to a period of disability and DIB (Docket No. 8, Attachment 2, pp. 16-28 of 32). ALJ Sullivan's decision became the final decision of the Commissioner when the Appeals Council denied review of the ALJ's decision on November 29, 2010 (Docket No. 8, Attachment 2, pp. 2-4 of 32).

Plaintiff filed a timely Complaint seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On March 9, 2012, Judge Gaughan ordered a remand to the Commissioner for further proceedings consistent with her opinion (Docket No. 17). Plaintiff's Motion for Attorney Fees was filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (West 2012) (Docket No. 19).

## II. EAJA STANDARD FOR AWARDING FEES

The EAJA requires, in some situations, payment of fees and expenses to a prevailing party in any action against the United States, or any agency or official thereof. This is true unless either: (1) the position of the United States, its agency, or official was substantially justified; or (2) special circumstances would make such an award unjust. *Coleman v. Astrue*, 2011 WL 767884, *1 (N.D. Ohio 2011) (*citing Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004)

(*quoting Scarborough v. Principi,* 541 U.S. 401, 427 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).

According to 28 U.S.C.A. § 2412(a)(1), a judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C.A. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." *Butler v. Commissioner of United States*, 2010 WL 6560747, *1 (*citing* 28 U.S.C. § 2412(b)).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows: "(1) the party is a prevailing party, (2) the party is eligible to receive an award under [28 U.S.C.A. § 2412(b)], (3) the position of the United States was not substantially justified, and (4) the itemized statement from any attorney or expert witness representing or appearing [on] behalf of the party stat[ing] the actual time expended and the rate at which fees and other expenses were computed." *Butler*, 2010 WL 6560747, *1 (*citing* 28 U.S.C. § 2412(d)(1)(B)).

### III. ANALYSIS

Plaintiff contends (1) she is a prevailing party; (2) the position of the government in denying her DIB was not substantially justified; (3) she is eligible to receive EAJA fees; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket

3

No. 20). Plaintiff seeks an award of attorney fees totaling $6,143.11 and expenses of $350 (Docket No. 20).

Defendant contends the Commissioner's position was substantially justified; therefore, Plaintiff is not entitled to attorney fees (Docket No. 26). In the alternative, Defendant requests this Court reduce the fees requested by Plaintiff to a more appropriate hourly rate (Docket No. 26).

## A. THE PREVAILING PARTY

Plaintiff contends she is a prevailing party for purposes of the EAJA requirements because she succeeded in obtaining a remand to the Commissioner for further consideration (Docket No. 19-2). A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)).

Here, Plaintiff was awarded a remand order pursuant to sentence four of 42 U.S.C. § 405(g) (Docket No. 19-2). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 26). Plaintiff is therefore a prevailing party for purposes of the EAJA.

## B. ELIGIBILITY FOR AN AWARD

Under prong two of the test set forth in 28 U.S.C. § 2412(d)(1)(B), the moving party must be eligible to receive the award of attorneys' fees and/or expenses. The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff asserts she is an individual whose net worth did not exceed $2,000,000 at the time her civil action was filed (Docket No. 19-2). It was confirmed Plaintiff worked in the capacity of a ceramic finisher for thirty years (Docket No. 11). Given these circumstances, it is improbable Plaintiff's net worth exceeded $2,000,000 at the time of filing. Defendant does not comment on the net worth of Plaintiff. The Magistrate concludes Plaintiff is therefore eligible for the award.

**C. SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified. *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008). To satisfy this burden, the United States must show its position was "substantially justified or that special circumstances make an award unjust." *Id*. The government's position is substantially justified "if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Attorney fees should not be awarded simply because the government lost the case on the merits. *Olive*, 534 F.Supp.2d at 758 (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial *evidence*, which results in a remand to the Commissioner, and a lack of substantial *justification*,

which results in an award of attorney's fees. *Olive*, 534 F.Supp.2d at 758 (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff and Defendant disagree as to whether Defendant was substantially justified in its denial of benefits. Plaintiff claims the ALJ (1) failed to appropriately use the treating physician rule or, in the alternative, consider the factors listed in 20 C.F.R. § 404.1527(d)(2)-(6); and (2) improperly defined and applied the term "decompensation" (Docket No. 20).

The Defendant would have this Court believe the ALJ relied on ample other evidence aside from the treating physician's records, and that this reliance forms a sufficient basis to find substantial justification (Docket No. 26). Specifically, Defendant points to four bases: (1) the Plaintiff's medical assessment of "marked limitations" was not consistent with the assessment of "moderate symptoms" in her Global Assessment of Functioning Score ("GAF"); (2) the finding of one or more episodes of decompensation was not consistent with Plaintiff's medical records; (3) Plaintiff reported no previous hospitalizations; and (4) Plaintiff's treating physicians' opinions were not supported by the overall record (Docket No. 26). Defendant acknowledges the district court's disregard for the ALJ's reasoning but argues "the district court did not conclude that the ALJ's statement was wrong" (Docket No. 26, p. 5).

### 1. TREATING PHYSICIAN RULE

In a review of the record, the District Court noted the ALJ's failure to use the "treating physician rule," rejecting the opinions of the Plaintiff's treating physicians in favor of Plaintiff's GAF scores and the opinion of the non-examining, non-treating state agency psychologist (Docket No. 17, pp. 11-12 of 14; Docket No. 8, Attachment 2, p. 25 of 32). This Court provided

a detailed summary of the treating physician rule in *Mowery v. Commissioner of Social Security*, No. 5:09-CD-2835, 2011 WL 927012, *8-9 (N.D. Ohio March 16, 2011) (Armstrong, M.J.):

> The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances. *Cross v. Commissioner of Social Security*, 373 F.Supp.2d 724, 729-730 (N.D. Ohio 2005). Generally, more weight is attributed to treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. *Id*. (*citing* 20 C.F.R. § 404.1527(d)(2)). If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight. *Id*.
>
> The Sixth Circuit notes that the treating source rule in the regulations emphasizes a "good reason requirement," specifically, the agency must "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination. *Id*. (*citing Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004). To meet this obligation . . . the ALJ must do the following:
> - State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record
> - Identify evidence supporting such finding
> - Explain the application of the factors listed in 20 C.F.R § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion. *Id*. (*citing Wilson, supra*, at 546).

As the district court noted, and the Plaintiff argues, there is no reason to discount the opinions of Plaintiff's treating physicians (Docket No. 17, pp. 12-13 of 14). Both psychiatrists diagnosed Plaintiff with similar mental health conditions, including bipolar II disorder and some form of depression (Docket No. 8, Attachment 13, p. 28 of 38; Docket No. 8, Attachment 14, p. 14 of 30). The doctors were also in agreement as to how Plaintiff's mental health conditions would affect her ability to work, including Plaintiff's inability to maintain attention and concentration for extended periods, respond to expected or

unexpected changes throughout the day, and Plaintiff's inability to travel (Docket No. 8, Attachment 13, pp. 32-34 of 38; Docket No. 8, Attachment 14, pp. 15-17 of 30). Both psychiatrists based their opinions on medically acceptable psychiatric findings.

As per the standard stated in *Cross, supra*, the ALJ should have provided good reasons for not abiding by the treating physician rule. This is simply not contained in the record (Docket No. 8, Attachment 2, pp. 13-27 of 32). And in fact, the remainder of the record lacks evidence sufficient to find substantial justification on the part of the government. The state agency psychologist only reviewed a small portion of Plaintiff's medical record before determining Plaintiff was capable of performing work which "consists of simple, repetitive tasks in an environment where strict production quotas are not required [and] where social interaction is superficial" (Docket No. 8, Attachment 13, p. 7 of 38). Interestingly, the state doctor did find Plaintiff's allegations to be credible and even stated in her report that weight should be given to Plaintiff's treating psychiatrists (Docket No. 8, Attachment 13, p. 7 of 38).

The ALJ's emphasis on Plaintiff's GAF scores is also improper. The Federal Register, in its explanation of the Social Security Administration's ("SSA") Rules and Regulations, clearly states "the GAF scale . . . does not have a direct correlation to the severity requirements in our mental disorder listing." 65 Fed. Reg. 50746, 50764-5. Therefore, regardless of Plaintiff's GAF scores, the opinions of her treating physicians should still be given controlling weight.

### 2. DECOMPENSATION

As to Plaintiff's second allegation, that the ALJ improperly defined the term

8

"decompensation," Plaintiff is also correct. The ALJ suggested decompensation requires hospitalization (Docket No. 8, Attachment 2, p. 20 of 32). This is simply not true. According to the Federal Register, again, in its explanation of the SSA's Rules and Regulations, episodes of decompensation are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 65 Fed. Reg. 50746, 50777. In addition to Plaintiff's initial hospitalization, she also required frequent changes in medications and experienced symptom flares indicative of episodes of decompensation (Docket No. 8, Attachment 12, pp. 18, 44 of 45; Attachment 13, pp. 29-30 of 38; Attachment 14, pp. 6, 13 of 30; Attachment 16, p. 6 of 39).

Based on these reasons, the ALJ's determination of Plaintiff's non-eligibility for benefits was not reasonable. This result is a finding that is inconsistent with established regulations of the SSA. Since the Social Security Rules and Regulations are binding on all components of the SSA, the Commissioner was required to comply. The Commissioner's failure to do so cannot be deemed substantially justified.

## D. THE BASIS FOR THE AWARD

Plaintiff argues she is entitled to attorney fees totaling $6,143.11 (Docket No. 20). This amount represents an expenditure of 34.75 hours by Plaintiff's counsel multiplied by an hourly rate of $176.78. Defendant opposes any award above the current capped award of $125 per hour (Docket No. 26).

9

### 1. COMPENSABLE HOURLY RATE

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. *Zanon v. Commissioner of Social Security*, 2010 WL 1524143, *2 (E.D. Mich. 2010) (*citing* 28 U.S.C. § 2412(d)(2)(A)). The burden of proof for this reasonableness determination falls on the party seeking the award. *Ink v. Commissioner*, 2010 WL 1957462, *3 (N.D. Ohio 2010) (*citing Copeland v. Marshall*, 641 F.2d 880, 937 (6th Cir. 1980)) (*citing Haiges v. Commissioner of Social Security*, 2008 WL 5242898, *4 (S.D. Ohio 2008)). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Ink*, 2010 WL 1957462 at *3. "Hours may be cut for duplication, padding or frivolous claims." *Id*. (*citing Holden v. Bowen*, 668 F.Supp 1042 (N.D. Ohio 1986)). The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service adequately document. *Ink*, 2010 WL 1957462 at *3. Under the EAJA, "an award of fees for preparation of the fee application is compensable." *Id*.

Upon review of the itemized statement of services provided by Plaintiff's counsel, this Court determines the request for fees is adequately documented. Counsel and his partner expended 34.75 hours in their representation of Plaintiff (Docket No. 20, Attachment 1). Counsel made a good faith effort to be clear and succinct in his pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. The Magistrate finds the compensable hours in this case to be 34.75.

**2. HOURLY RATES**

According to 28 U.S.C.A. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C.A. § 2412(d)(2)(A). In the Sixth Circuit, it is well established the EAJA allows for a cost-of-living adjustment based upon increases in the Consumer Price Index (CPI). *Begley v. Sec'y of Health & Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992). A decision to apply such an adjustment is left to the discretion of the district court. *Id.*

Plaintiff's counsel seeks an enhanced hourly rate according to the cost of living increase noted in the CPI (Docket No. 20, p. 4 of 5). In support of his argument, Plaintiff's counsel averred he and his law partner are qualified attorneys in the New York area who focus exclusively on social security issues (Docket No. 19, Attachment 2). Plaintiff's counsel has practiced in the field for a number of years, working almost exclusively on Social Security disability cases at both the administrative and federal court level (Docket No. 19-2). Plaintiff's counsel was an officer and member of the Executive Committee of the National Organization of Social Security Claimants' Representatives, and has lectured extensively for various legal and other organizations regarding Social Security claims (Docket No. 19-2). He has also testified before the House Ways and Means Social Security Subcommittee about the Social Security Disability program (Docket No. 19-2). His law partner, who prepared a large portion of Plaintiff's case, also practices exclusively in the area of Federal Court appeals of Social Security disability claims (Docket No. 19-2). In his affidavit, Plaintiff's counsel stated his firm's current

11

billing rate is $450 per hour, up from $225 per hour in 1996 (Docket No. 22, p. 2 of 2). The Magistrate is persuaded counsel's skill level could not be obtained at the statutory level of $125 per hour and special factors warrant a fee enhancement.

To assist in determining the appropriate fee level, the Magistrate refers to the United States Department of Labor Bureau of Labor Statistics CPI for all urban consumers in the Midwest urban region. The effective date of the statutory rate of $125 is March 29, 1996. The CIP in March 1996 was 151.7. UNITED STATES DEP'T OF LABOR, http://www.bls.gov/news.release/history/cpi_041296.txt (last visited July 25, 2012). When the Complaint was filed in January 2011, the CPI was 210.388. UNITED STATES DEP'T OF LABOR, http://www.bls.gov/cpi/cpid1101.pdf (last visited July 25, 2012). The increase in the CPI was a factor of 1.3868688 (210.388 ÷ 151.7). Multiplying this by the statutory hourly rate of $125, the result is $173.36 per hour. Plaintiff's counsel expended 33.5 hours in 2011. The Magistrate finds the total fee of $5,807.56 is an accurate and appropriate amount of fees for work completed in 2011.

The CPI for all urban wage earners in the Midwest urban region in June of 2012 was 219.017. UNITED STATES DEP'T OF LABOR, http://www.bls.gov/cpi/cpid1206.pdf (last visited July 25, 2012). The increase in the CPI was a factor of 1.4437508 in 2012 (219.017 ÷ 151.7). Multiplying the factor by the hourly rate of $125, the result is $180.46 per hour. Plaintiff's counsel expended 1.25 hours in 2012. The Magistrate finds the total fee of $225.58 is an accurate and appropriate amount of fees for work completed in 2012.

In summary, the Magistrate finds an increase in the cost of living justifies payment of a higher attorney fee in this case. Plaintiff has established entitlement to an award of fees that totals $6,033.14.

### 3. COSTS

The prevailing party in any civil action brought against the United States or any agency or official thereof may be awarded a judgment for costs, as enumerated in 28 U.S.C. § 1920. A judgment for costs, when awarded in favor of the United States, may include an amount equal to the filing fee prescribed under 28 U.S.C. § 1914(a).

Plaintiff's counsel requests reimbursement of filing fees totaling $350 (Docket No. 19, Attachment 2, p. 4 of 5). The Magistrate finds Plaintiff's request well taken and awards $350 as costs pursuant to 28 U.S.C. § 2412(a).

### 4. TOTAL AWARD

The Supreme Court has determined that, within the meaning of the EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010). In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $6,033.14 and costs in the amount of $350, for a total award of $6,383.14.

## IV. CONCLUSION

For these reasons, the Magistrate recommends the Court grant Plaintiff's Motion for Attorney Fees and terminate the referral to the undersigned Magistrate.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date:   July 27, 2012

## V. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.