**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Rita M. Dilworth,** ) | **CASE NO. 4:11 CV 119** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **Michael J. Astrue,** ) | **Order** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## INTRODUCTION

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R")(Doc. 28), in which the Magistrate Judge recommends awarding fees and expenses in the amount of $6,383.14.  Defendant filed objections thereto.  For the following reasons, the R&R is ACCEPTED in PART and REJECTED in PART.  The Court finds that the position of the Commissioner was not substantially justified, but further finds that plaintiff fails to present sufficient evidence justifying an increase in the maximum per hour rate used to calculate the fee award.   Accordingly, plaintiff is entitled to an award of $4,693.75, which includes 34.75 hours of attorney time at the hourly rate of $125.00 and costs totaling $350.00.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

Defendant argues that the Magistrate Judge agreed with the defendant's position on the merits in the original R&R and, therefore, the position must have been substantially justified.  In addition, defendant argues that the Magistrate Judge appears to have erroneously re-evaluated whether substantial evidence existed to support the Commissioner's decision in light of the District Court's rejection of the original R&R.  Instead, the Magistrate Judge should have ascertained whether the decision to defend the Commissioner was substantially justified.

"The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified."  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  A position is "substantially justified" if it has a reasonable basis in both fact and law.  *Id*.  The mere fact that the government

lost the case does not necessarily mean that its position was not substantially justified. *Id*.

Upon review, the Court finds that the objection lacks merit.  The mere fact that the Magistrate Judge may have agreed with the defendant does not automatically mean that the position was substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("While a string of losses or successes may be indicative of whether a position is substantially justified, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified").  In this case, the Court agrees with the plaintiff that the position of the ALJ was not substantially justified.  As the Court noted, the ALJ failed to properly apply the treating physician rule, and further failed to follow the Commissioner's own rules and regulations in assessing plaintiff's claimed disability.  Because of these significant errors, the position of the Commissioner cannot be said to be "substantially justified."

The government further objects to the R&R to the extent it recommends an increase in the statutory rate of $125 per hour.  According to the government, plaintiff fails to present sufficient evidence to justify an increase in the statutory rate.

In *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), the Sixth Circuit upheld the district court's decision not to increase the hourly rate above the statutory cap because plaintiffs submitted only the Consumer Price Index ("CPI").  The Court held that the CPI alone is "not enough" to justify an increased rate.  In this case, plaintiff submits affidavits from her attorneys in which the attorneys detail their experience and billing rates.  In addition, one affidavit details the increases in law firm costs and references the CPI.  None of the information, however, relates to this District (or even the State of Ohio).  Rather, all of the information relates

to New York City, which is undoubtedly more expensive than Cleveland. Moreover, even the CPIs, which are insufficient under *Bryant*, relate to other metropolitan areas.[1] Although the Magistrate Judge noted the extensive expertise of plaintiff's counsel in recommending to increase the fee rate, there is no indication that any specialized level of service was required in this case. Rather, the case is a typical social security appeal. In all, the Court finds that plaintiff fails to present sufficient evidence to justify an increase in the statutory cap. Accordingly, the government's objection is well-taken and Court will award fees at the rate of $125 per hour.

### **CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED in PART and REJECTED in PART. Plaintiff is entitled to an award of $4,693.75, which includes 34.75 hours of attorney time at the hourly rate of $125.00 and costs totaling $350.00.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/8/12

---

[1] Plaintiff's counsel does reference the MidWest urban region CPI in his affirmation.